FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 02, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER WIRTS,<br><br>                Plaintiff,<br><br>v.<br><br>HEATHER WILSON, in her official capacity as the Secretary of the United States Air Force,<br><br>                Defendant. | No. 2:18-cv-00343-SMJ<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT** |

Before the Court, without oral argument, is Plaintiff Christopher Wirts's Motion to Amend Complaint, ECF No. 31. Defendant does not oppose the motion to amend but requests that leave to amend be granted following resolution of its pending motion to dismiss. ECF No. 34.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[A] party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT **-** 1

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

The motion is timely; the Court's deadline for parties to amend pleadings is October 16, 2020. *See* ECF No. 20. Additionally, there is no evidence of prejudice indicating that amendment should not be "freely given." *See Foman*, 371 U.S. at 182. At the scheduling conference, the parties jointly moved to stay discovery pending resolution of Defendant's motion to dismiss. ECF No. 19. The Court granted the request. ECF No. 20 at 1–2. Thus, document discovery has been stayed.

Nor was there undue delay or bad faith, as Plaintiff had to exhaust his administrative remedies prior to bringing Title VII discrimination and retaliation claims under the Civil Rights Act of 1964—claims that he wishes to add in the amended complaint. ECF No. 31 at 3–4. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Amend Complaint, **ECF No. 31**, is **GRANTED**.

ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT **-** 2

**2.** Plaintiff shall file an amended complaint consistent with ECF No. 31-1 no later than **May 10, 2019**.

**3.** An amended complaint supersedes the original complaint in its entirety, *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990), which renders a motion to dismiss moot, *Williamson v. Sacramento Mortg., Inc.*, No. CIV. S-10-2600 KJM, 2011 WL 4591098, at *1 (E.D. Cal. Sept. 30, 2011). Accordingly, Defendant's Motion to Dismiss for Lack of Jurisdiction, **ECF No. 16**, is **DENIED AS MOOT** with leave to renew.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 2nd day of May 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge